CASE 39—PETITION EQUITY—OCTOBER 31.

# Louisville Water Co. v. Commonwealth.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. SUIT TO RECOVER TAXES.—In the absence of express legislative authority taxes can not be recovered by suit, and as there is no statute in this State, save as to railroad companies, authorizing a suit to recover taxes, such a suit cannot be maintained, even though there be no other adequate remedy; and this is true, although the proceeding is *in rem*, and no personal judgment is sought.

As the property of a water company could not be seized and sold by the collecting officer for taxes, the Commonwealth brought suit asking that the company be compelled to show cause, if any existed, why it should not, within a given time, pay the taxes into court, and, in the event it failed to do so upon the court's order, that it be placed in the hands of a receiver, and its receipts applied to their payment. *Held*—That the action can not be maintained.

2. PROPERTY OF WATER COMPANY CAN NOT BE SEIZED FOR TAXES.—Where a water company supplies a city with water its property necessary to its operation can not be seized and sold by a collecting officer for taxes.

WM. LINDSAY FOR APPELLANT.

1. In determining whether or not a statute is constitutional, all doubts in the mind of the judge must result in favor of the validity of the law. (Louisville v. Hyatt, 2 B. M., 178; McReynolds v. Smallhouse, 8 Bush, 454.)

2. The Legislature has the power to exempt the water-works property from taxation upon the ground that it is held, owned and used by the city the more efficiently to serve the public.

The case of Louisville v. Commonwealth, 1 Duv., 595, does not

Louisville Water Company v. Commonwealth.

decide that the Legislature has not the power to exempt property so held by a municipal corporation.

3. But conceding that the water company is a private corporation, it renders public services, and the Legislature may, in consideration of that fact, exempt its property from taxation.

The statement in the case of Barbour v. The Board of Trade, that "the test of the right to exempt property is the existence of the right to levy a tax to foster such property," was not necessary to the decision of the question before the court, and is against the immemorial practice of all the departments of the State government. (2d Stat. Laws, M. & B., page 1372; Rev. Stats., sec. 3, art. 5, chap. 83; Gen. Stats., sec. 3, art. 1, chap. 92; Nazareth L. B. Inst., 14 B. M., 266.)

But if that test be accepted as correct, still the Louisville Water Company performs public services such as are contemplated by the first section of the Bill of Rights. (Deuber Light Co. v. Newport Light Co., 8 Ky. Law Rep., 222; New Orleans v. Clark, 95 U. S., 644; Louisville Gas Co. v. The Citizens' Gas Light Co., 115 U. S., 683; New Orleans Gas Co. case, 115 U. S., 669; Water-works case, 115 U. S., 691; Lancaster v. Clayton, 9 Ky. Law Rep.; Morris Aqueduct case, 46 N. J. Law, 499; Burroughs on Taxation, sec. 26; Sedgwick on Const. & Stat. Law, 446; Water Co. v. Hamilton, 81 Ky., 522.)

4. While the city of Louisville might be required to bear the expense of the construction and maintenance of the works of the Louisville Water Company, it is a question of State policy and not of constitutional law, whether that municipality shall be required to bear the whole of such expense, or whether a part of the expense shall be borne by the State (Slack v. Maysville R. Co., 13 B. M., 26.)

5. The surrender by appellant of its right to be paid for water furnished the city for fire protection was a sufficient consideration for the exemption from taxation. The court will not inquire into the adequacy of the consideration. (Barbour v. Board of Trade, 81 Ky., 517; Lancaster v. Clayton, 9 Ky. Law Rep.)

The court will not declare a law unconstitutional because the Legislature undertook to state a reason for its enactment and gave an insufficient one.

6. The public service that is required to support an exemption from taxation may be past, present or future. (Barbour v. Board of Trade, 6 Ky. Law Rep., 774.)

T. L. BURNETT AND LANE & BURNETT ON SAME SIDE.

Brief not in record.

HELM & BRUCE FOR APPELLEE.

1. The sheriff was the proper party to sue (Louisville Water Co. v.

Louisville Water Company v. Commonwealth.

Hamilton, 81 Ky., 517); but, in any event, it was proper to allow the name of the Commonwealth to be added for the purpose of removing any question that might exist as to the right of the sheriff to maintain the action. (Ansonia Rubber Co. v. Wolf, 1 Handy's Rep., 236.)

2. The function of assessing taxes is not judicial, and, therefore, the sheriff may be empowered to make the assessment. (Pennington v. Woolfolk, 79 Ky., 16; McLean County Precinct v. Deposit Bank, 81 Ky., 262; State Railroad tax cases, 92 U. S., 614.)

3. It was too late, after the Law and Equity Court had gotten jurisdiction of the parties, to undertake to oust that jurisdiction by procuring the county court to decide the same question, and, indeed, the only question submitted to the Law and Equity Court for its decision. (Saunders v. Saunders, 2 Litt., 316; Wood v. Lee, 5 Mon., 61; Blackley v. Holton, 5 Dana, 529.)

4. Furnishing water to the public fire plugs and fire cisterns of Louisville is not a governmental duty of the Commonwealth of Kentucky, and does not constitute a consideration for the exemption from taxation. Therefore, the act of exemption is unconstitutional.

Through a long course of legislation it had been the universal rule to require this water to be paid for *by the city of Louisville*, and never once does an intimation appear that it is the governmental duty of the State of Kentucky to furnish, or aid in furnishing, this convenience, directly or indirectly. (Session Acts, 1837–8, page 206; Session Acts, 1841, page 141; Session Acts, 1847–8, page 405; 2 Session Acts, 1850–1, page 626; 2 Session Acts, 1853–4, page 121; 2 Session Acts, 1865, page 506; 2 Session Acts, 1867–8 (sec. 23), page 417; 2 Session Acts, 1869–70, page 61; 1 Session Acts, 1871, page 325.)

Municipal corporations have a dual character; some of their functions are those of a public corporation, and others are those of a private corporation. The provision of water as a protection against fire is made by the municipality in its private and not in its public capacity. (Cooley on Taxation, 688; City of Louisville v. President and Trustees of University of Louisville, 15 B. M., 642, 673; City of Louisville v. Commonwealth, 1 Duv., 295; Preston v. City of Louisville, 7 Ky. Law Rep., 798; Bailey v. Mayor of New York, 3 Hill, 539; Western Savings Fund Association v. Philadelphia, 31 Pa. St., 175; Gas Company v. San Francisco, 9 Cal., 468; Jones v. City of New Haven, 34 Conn., 12; Norwich Gas Co. v. Norwich City Gas Co., 25 Conn., 1; City of Detroit v. Corey, 9 Mich., 184; Board Park Commissioners v. Common Council of Detroit, 28 Mich., 228; People v. Hurlburt, 24 Mich., 44.) Greenwood v. City of Louisville, 13 Bush, 226, commented on.

The principles upon which municipal taxation is based are different

Louisville Water Company v. Commonwealth.

. from those which control State taxation.  (Willard v. Newburyport, 12 Pick., 227; People v. Detroit, 28 Mich., 228; Cheany v. Hoover, 9 B. Mon., 335; Covington v. Southgate, 15 B. M., 492; Courtney v. Louisville, 12 Bush, 420; Preston v. Roberts, 12 Bush, 588.)

The expression "public purposes" has acquired a different meaning when used in connection with the right of eminent domain from that which it has when used in connection with the subject of taxation. (Ryerson v. Brown, 35 Mich., 333; Robinson v. Swope, 12 Bush, 25; People v. Salem, 20 Mich., 452; Cooley's Const. Limit., note 3, beginning page 264, side-page 214.)

The case of City of Newport v. Light Co., 8 Ky. Law Rep., 22, does not apply, or, if it does, ought not to control in this case, because in that case a Federal question was involved, and this court was bound by the Federal decisions.

**5.** Where a tax is imposed by a statute, and no remedy provided for enforcing its payment, or a lien is given to secure it, and no means provided for enforcing the lien, resort may be had to judicial proceedings to enforce the obligation or the lien.  (Cooley on Taxation, 2d ed., chap. 1, p. 15; Id., chapter 14, p. 435; Desty on Taxation, vol. 2, ch. 21, sec. 126; Burroughs on Taxation, sec. 105; Dillon on Mun. Corp., ch. 19, sec. 815, 3d ed.; Id., sec. 818; Mayor of Baltimore v. Howard, 6 H. & J., 394; State, ex rel, v. Severance, 55 Mo., 389; Perry County, &c., v. Railroad Co., 58 Ala., 563; State v. Williams, 8 Tex., 836; H. & T. C. R. Co. v. State, 39 Tex., 153; State v. Duncan, 3 Lea, 679; McInery v. Reed, 23 Iowa, 410; Merriam v. Moody's Ex'rs, 25 Iowa, 172; United States v. Lyman, 1 Mason, 481; United States v. Mills, 2 Clif., 607; Meredith v. U. S., 13 Peters, 486, 493; Savings Bank v. U. S., 19 Wall., 240; Dollar Savings Bank v. United States, 19 Wall., 227; U. S. v. Truck's Adm'r, 28 Fed. Rep., 846; City of Dubuque v. Ill. Cent. R. Co., 39 Iowa, 56; City of New Haven v. F. H. & W. R. Co., 28 Conn., 422, 7 Am. Rep., 399; Town of Geneva v. Cole, 61 Ill., 398; Dunlap v. Gallatin County, 15 Ill., 7; Ryan v. Gallatin County, 14 Ill., 78; Portland Dry Dock and Insurance Company v. Trustees of Portland, 12 B. Mon., 77; Instone v. Frankfort Bridge, 2 Bibb, 578; Thompson v. Buchannon, 2 J. J. M., 417; Tull v. Geoghegan, 3 J. J. M., 378; Prather v. Davis, 13 Bush, 377; Russell v. Muldraugh's Hill, &c., Turnpike Co., 13 Bush, 310; Brightwell v. Commonwealth, 79 Ky., 535; Stephens v. Miller, 80 Ky., 49; Johnston v. City of Louisville, 11 Bush, 533; E. & P. R. Co. v. Elizabethtown, 12 Bush, 233; Lincoln County Court v. L. & N. R. Co., 3 Ky. Law. Rep., 438; Louisville Water Co. v. Hamilton, 81 Ky., 517.)

Cases commented on: City of Camden v. Allen, 26 N. J. L., 2 Dutcher, 398; Pierce v. City of Boston, 3 Met. (Mass.), 520; Shaw v. Pickett, 26 Vt., 482; Board of Education v. Old Dominion Co., 18

W. Va., 441; Andover & M. Turnpike Co. v. Gould, 6 Mass., 158; Packard v. Tisdale, 50 Me., 376; City of Augusta v. North, 57 Me., 392; Hibbard v. Clark, 45 N. H., 155; Staley v. Columbus, 36 Mich., 39; Crasso v. Stetson, 8 Metc. (Mass.), 394; Pierce v. Boston, 3 Metc., 520; Merriwether v. Garrett, 102 U. S.; Thompson v. Allen County, 115 U. S.; Walkley v. City of Muscatine, 6 Wall., 481; United States v. Lyman, 1 Mason; Rees v. City of Watertown, 19 Wall., 107; Heine v. Levee Comsrs., 19 Wall., 655; Barkley v. Levee Comsrs., 93 U. S., 258; Merriwether v. Garrett, 102 U. S., 472; Baldwin v. Whitaker, MS. Op., June, 1889; McLean County Precinct v. Deposit Bank, 81 Ky., 254; Jones v. Gibson, 82 Ky., 561; Greer v. Covington, 83 Ky., 414.

6. There is statutory authority for collecting taxes by suit. (Gen. Stats., chap. 92, art. 11, sec. 17.)

While the rule of *ejusdem generis* might require that the words "and others," used in the title of that article, should be interpreted "and other officers," yet this is simply a rule of construction, and the presumption raised by the rule may be rebutted. (Endlich on Interpretation of Statutes, sec. 413; *Id.*, sec. 23.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The property of the Louisville Water Company not having been assessed for State taxes for the years from 1882 to 1885, inclusive, the sheriff of the county, in obedience to statutory provision, returned a list of it for each of those years to the county court clerk, who entered the same upon the assessor's books, and certified it to the State Auditor, and also to the sheriff for collection.

The company refused payment, claiming that it was exempt from taxation under an act of the Legislature. It is a corporation, and, as its name indicates, supplies the city of Louisville with water. The property assessed was that in use for this purpose. It could not, therefore, be seized and sold by a collecting officer, as this would deprive the city of water. Its safety, as well as the health and comfort of its citizens, required the exercise of the corporate franchise, and forbade

interference with it by a sale of the means necessary to operate it.

The sheriff thereupon brought this action in his own name, but subsequently, by an amended petition, united the Commonwealth as a co-plaintiff, asking that the company be compelled to show cause, if any existed, why it should not, within a given time, pay the taxes into court, and in the event it failed to do so upon the court's order, that it be placed in the hands of a receiver, and its receipts applied to their payment. Various defenses were presented. But one question requires notice, however, as it is decisive of the case.

The lower court, upon final hearing, was of the opinion that the company was liable to taxation, and ordered it to pay the taxes into court within a certain number of days. This it declined to do, and thereupon a receiver was appointed, and the company has appealed.

It was held by this court in the case of Baldwin v. Hewitt, Auditor, &c., 88 Ky., 673, that taxes could not be recovered by suit in the absence of legislative authority, and there being no statute to this effect in this State, save as to railroad companies, an action for such a purpose could not be maintained, even in the absence of any other adequate remedy. There an administrator had failed for several years to list and pay the taxes upon the assets in his hands, consisting altogether of choses in action. When the suit was brought, seeking a recovery against him as administrator, he had distributed the estate, and it had been removed by the distributees out of the State. It is urged

that this case differs materially from that one; that here the statute gives a lien upon the property for the payment of the taxes, and that the proceeding is *in rem*, no personal judgment being sought. If, however, no, right exists to use the courts as a vehicle for the collection of tax claims, we fail to see any difference between the two cases. It is said, however, that in the case cited an adequate remedy in fact existed, but was ineffectual, while here there is none whatever, and that in such a case the right to sue should be implied as a matter of necessity.

We do not grant that such a difference exists between the two cases. If the administrator had still been in possession of the assets, no suit could have been maintained against him for the taxes, although the estate could not have been seized for them, as it consisted of choses in action. It is true they might have been reached in the manner provided by statute by the summary mode of attachment by notice served upon those owing them, if the debtors could have been found and a judgment obtained in the county court; but this would have been because the Legislature had expressly provided such a mode of collection.

Granting, however, that there is a difference between the two cases, and admitting, for the sake of further discussion, that the one cited is not altogether decisive of this one, yet it is certainly true that it is not any more an inherent power of a court to collect taxes than it is to levy them. It has been held by this court that a tax is not a debt within the legal mean-

ing of the term, and, therefore, *assumpsit* can not be maintained upon it, as is done in some States where it is regarded as an indebtedness. It comes upon the citizen *in invitum*, and its payment rests upon the duty he owes to the State in return for the protection extended by it to him. The exercise of the power of taxation is legislative in character, while the collection of taxes, when once authorized by the law-making power, is ministerial. The one is legislative and the other executive. Neither is a judicial act, and one department of the government should be careful not to encroach upon the domain of another. It is true the judiciary may be called upon by the Legislature to enforce the collection of taxes in a judicial way, but it has not done so in this State, save as to railroads, where suit has been authorized to recover them, and this exceptional case inferentially says that this remedy can not be resorted to in other cases.

The collection of taxes depends, and properly so, upon the remedies afforded by statute. Their speedy and prompt collection is necessary to the life of the State. The interest of the citizen demands that it should be done with as little expense as possible. If resort can be had to the courts in the absence of statutory provision, then delay, expense and abuse will certainly follow.

But it may be said it is only in cases where there is no remedy, or it is ineffectual, that the right to sue for taxes should be implied. We are aware that it has been held by some courts, and said by some text-writers, that if no specific remedy be given by statute, or only an imperfect or inadequate one, then it is but

reasonable to infer that a remedy by suit was intended. by the Legislature. This court has, however, never assented to such a rule. Public policy, in our opinion, forbids it. Its adoption would burden the courts with litigation, and be likely to lead to abuse of such a character as not only to unjustly harass the citizen, but injure the State greatly more than it would suffer by the loss of taxes from its non-adoption. It would tend to confuse the powers of the different departments of the government, and there would be no limit to its exercise. If one delinquent could be sued because he has made a fraudulent transfer of his property, or another for some other reason, upon the ground that there is no remedy or adequate one, the State in the end would be the sufferer. Beside, it would violate a policy which has prevailed in this State from its earliest history. It is true it has been said by this court in some cases that wherever a legal liability exists, the law raises a promise and *assumpsit* lies; that if a right be created and no remedy appointed, the usual remedy for that class of cases will be appropriate; that when the statute creates a liability and provides no specific remedy, the common law must afford it, and that when the chancellor finds a party with a legal right, but no remedy, he should furnish it. This is all true, generally speaking, and a review of the cases shows that they were general expressions, used in the argument contained in the opinions and where questions unlike this one were presented.

In the case of the Portland Dry Dock Company v. Town of Portland, 12 B. M., 77, the company

was required by its charter to pay annually to the city of Louisville fifty cents on each hundred dollars of its capital stock. Subsequently the trustees of the town of Portland were authorized by the Legislature to collect annually two hundred dollars of the assessment. It was urged that they could not sue for it, but must, collect it as they did their ordinary taxes. The difference between that case and this one is manifest. There a certain sum was fixed by statute, and the fact that it was called a tax by the statute creating the liability did not preclude an action of debt to recover it.

The cases of Johnston v. City of Louisville, 11 Bush, 527 ; Railroad Company v. Trustees of Elizabethtown, 12 Bush, 233, and Louisville Water Company v. Hamilton, 81 Ky., 517, are not in conflict with the views above expressed. Expressions of a general character may be found in the argument in the opinions in those cases which seem to support a different view, but the question as now presented was not then before the court, nor was it decided.

In the last-named case the water company sued out an injunction to prevent the sale of some property for its taxes. It was not sued for them. It voluntarily came into a court of equity, asking relief, and under such circumstances the court said : "The chancellor having been appealed to by the appellant (the water company) for some sort of relief, should have taken cognizance of the case, and required the appellant, by rule, to pay the money into court, and if not, to place the management of the corporation in the hands of a receiver, in order that the burthen might be discharged." It is apparent that case is not this one.

If, where a tax has been imposed and no remedy or any adequate one furnished for its collection by the statute, it were, in our opinion, a correct rule to imply the right to sue for it on account of the silence of the Legislature, yet we would not apply it in view of the fact that our Legislature has expressly provided that a railroad corporation may be sued for its taxes. (General Statutes, chapter 92, article 3, section 5.)

This was equivalent to a declaration by it that in the absence of such a statute no suit could be maintained.

The judiciary should not, in our opinion, merely because of legislative silence as to the collection of a tax, imply to itself a power not inherent in itself, and the exercise of which will not only be confusing as to the powers of the different branches of the government, but likely to lead to great abuse. Indeed, in view of the legislation as to taxes owing by railroads, it can not do so. We do not intimate whether, in this instance, the taxes are or are not owing, but merely decide that for the lack of legislation no action can be maintained looking to their collection. If, in such a case, the State is likely to lose any of its revenue, the Legislature can, by additional legislation in the form of penalties for non-payment, or by authorizing suits for its recovery, provide against it, and will, no doubt, do so where, in its wisdom, it may be proper and necessary.

Judgment reversed, with directions to dismiss the petition.