George W. McLean, as Receiver of Taxes, etc., Appellant,. *v.* Sarah L. Myers, Respondent.

Under the provisions of the New York Consolidation Act (§ 863, chap. 410, Laws of 1883), providing for the collection of taxes on personal property, an action *in personam* may be maintained by the receiver of taxes against a non-resident stockholder of a national bank located in said city, to recover taxes imposed, as authorized by the provision of the Banking Act, providing for the assessment and taxation of stockholders in banks upon their shares of stock (§ 312, chap. 409, Laws of 1882). (Brown and Landon, JJ., dissenting.)

It is not a condition precedent to the right of the receiver to commence such an action that a warrant for distress and sale should be issued as provided for by the Consolidation Act (§ 853), and returned unsatisfied.

In respect to such taxation, the Banking Act confers no new right within the meaning of the principle that where a statute confers a right and prescribes an adequate means of enforcing it, the proprietor of the right is confined to the statutory remedy; as bank shares were assessable before its passage (1 R. S. 414, §§ 1 *et seq.;* § 1, chap. 634, Laws of 1853; § 1, chap. 761, Laws of 1869). The legislative intent was simply to furnish an additional safeguard in assessing bank stock, and additional but not exclusive remedies to aid in collecting the tax.

*McLean* v. *Myers* (26 J. & S. 337), reversed.

(Argued June 13, 1892; decided October 1, 1892.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made November 3, 1890, which set aside a verdict directed at Circuit in favor of the plaintiff and dismissed the complaint.

This action was brought by the receiver of taxes in the city of New York to recover from the defendant the amount of certain taxes assessed against her upon stock in the Broadway National Bank standing in her name.

From the statement of facts prepared for the purpose of this appeal, pursuant to section 1339 of the Code of Civil Procedure, it appears that the plaintiff is the receiver of taxes in the city and county of New York; that the defendant has not been a resident of said city and county since prior to 1882, but during said period has resided in the county of Westchester; that "in and for each of the years 1882 and

1883, the defendant was assessed for taxation and taxed by the proper authorities of the city and county of New York as a, stockholder of the National Broadway Bank of the city of New York," as follows: For 1882, assessment, $1,125, tax, $25.31; for 1883, assessment, $3,055, tax, $69.95; that in due time each year an assessment-roll, showing the several assessments and the amount of each tax, was delivered by the board of aldermen to the tax receiver, with a warrant annexed in due form and duly signed, requiring him to collect the respective sums assessed as taxes, but the taxes in question have not been collected or paid; that it did not appear that any warrant had been issued by the receiver of taxes to the sheriff or any marshal in the city and county of New York commanding him to levy and collect said taxes by distress and sale as provided by section 853 of the Consolidation Act, or that any such warrant had been returned unsatisfied. It was conceded " that the taxes aforesaid were valid."

The questions of law arising from these facts, as stated under the direction of the court below, are as follows :

" First. Whether, under the provisions of section 863 of the New York City Consolidation Act of 1882, an action *in personam* may be maintained by the receiver of taxes in said city for the recovery of taxes imposed upon a stockholder of a national bank located in said city in a case where such stockholder was not a resident of the city and county of New York when the taxes were imposed.

" Second. Whether, as a condition precedent to the right of the receiver of taxes to maintain an action of this kind under the provisions of section 863 of the New York City Consolidation Act of 1882, it must appear that a warrant for distress and sale has been issued by said receiver, as provided by section 853 of the said Consolidation Act, and returned unsatisfied.

" Third. Whether the complaint in this action should be dismissed, or judgment should be directed in accordance with the verdict."

These questions of law were determined by the General Term, as follows: The first in the negative, the second in the affirmative, and the third in favor of the defendant.

*George S. Coleman* for appellant.

*E. P. Johnson* for respondent.

Vann, J.   The questions presented by this appeal require us to construe certain provisions of the Banking Act and of the Consolidation Act, both of which were passed July 1, 1882, the former to take effect immediately and the latter on the first day of March, 1883, although for the purpose of determining its effect upon other acts and of other acts upon it, the Penal Code excepted, it is to be deemed to have been enacted on the first day of January, 1882. (L. 1882, c. 409, p. 581; Id. c. 410, § 2143.)

The part of the Banking Act requiring examination is chapter twelve, which relates to the subject of taxation, and provides for the assessment of the stockholders in every bank, whether organized under state or national authority, " on the value of their shares of stock therein," such assessment to be made where the bank is located " and not elsewhere, whether the said stockholders reside in said place, city, town or ward, or not." (L. 1882, ch. 409, p. 701, § 312.)   By a subsequent section provision is made for the collection of the tax from stockholders, who do not reside in the place where the bank is located, by conferring upon the collector and county treasurer " the same powers   *   *   *   as they have by law when the person assessed has removed from the town, ward or county in which the assessment was made," and authorizing " the county treasurer, receiver of taxes or other officer authorized to receive such tax from the collector," to proceed by action to collect the tax " from the avails of the sale " of the shares of stock.   (Id. § 314.)   " For the purpose of collecting such taxes,   *   *   *   and in addition to any other law of this state," it is made the duty of every bank to retain so

much of any dividend belonging to the stockholder as shall be necessary to pay the tax, which is declared a lien on the shares. (Id. §§ 314, 315.) These are the only provisions of the Banking Act in relation to the collection of taxes.

Chapter sixteen of the Consolidation Act contains the provisions relating to "taxes and assessments," but as by the concession of the parties upon the trial, "no question whatever is raised as to the formal regularity of the assessment or tax" under consideration, it will be necessary to examine only such provisions as regulate the collection of taxes after the lawful assessment thereof. When the assessment is made, corrected and "finally completed," the roll is delivered to the receiver of taxes with a warrant annexed, requiring him to collect the several sums assessed as taxes named therein. (§ 833.) The receiver thereupon gives notice by advertisement that the taxes are due and payable, and that in case of payment on or before November first, interest at the rate of six per cent per annum will be deducted for the period "between the day of such payment and the first day of December then next succeeding." (§§ 841 and 842.) One per centum is added to any tax remaining unpaid on the day last named and after January first following, interest at the rate of seven per cent per annum is charged upon all unpaid taxes "to be calculated from the day on which said assessment-rolls and warrants shall have been delivered to said receiver of taxes to the date of payment." (§ 843.) Section 853 provides that "it shall be lawful for the said receiver, if any tax for personal property shall remain unpaid on the fifteenth day of the month of January succeeding the receipt by him of the rolls, to issue his warrant, under his hand and seal, directed to the sheriff or any marshal of the city and county of New York," commanding him to collect such tax by levy, distress and sale of the goods and chattels of the person against whom such warrant is issued. "In case of the refusal or neglect of any person to pay any tax imposed on him for personal property, if there be no goods or chattels in his possession upon which the same may be levied by

distress and sale according to law and if the property assessed shall exceed the sum of one thousand dollars, the said receiver, if he has reason to believe that the person taxed has debts, credits, choses in action or other personal property, not taxed elsewhere in this state, and upon which levy cannot be made according to law, may thereupon in his discretion make application within one year " to certain courts to enforce the tax by imposing a fine for misconduct in refusing or neglecting to pay the same. (§ 857.) It is made "the duty of the receiver of taxes to send or cause to be sent to the attorney for the collection of arrears of personal taxes, monthly, all cases of personal taxes embraced in the assessment-rolls, when the assessment is one thousand dollars or more, and upon which a warrant to any of the marshals of said city and county has been issued and unsatisfied for a period of sixty days, or returned unsatisfied in whole or in part, and of all other cases of personal taxes, except in those cases where the comptroller may extend the warrant, when application to any court may be made for the collection of the tax and the said attorney is authorized to make requisition upon the said receiver for all such cases." (§ 859.) Said attorney is "charged with the prosecution of all suits or proceedings, in any court having jurisdiction, for the collection of all cases of personal taxes sent to him by the receiver of taxes, or where by any law of this state any suit or proceeding may be instituted by such receiver  *  *  *  for the collection of any tax for personal property." (§ 860.)

"Any tax duly imposed for personal property upon any person or corporation in the city and county of New York and which shall remain unpaid and in arrears on the fifteenth day of January succeeding the year in which it shall have been imposed, may be recovered, with interest and costs, by the receiver of taxes of said city in an action in any court of record in this state." (§ 863.)

These are all the provisions contained in said act for the compulsory collection of taxes upon personal property.

This action is founded upon section 863 but the defendant

contends that it confers upon the receiver no right of action against a non-resident of the city and county of New York. We think, however, that the phrase "any tax duly imposed" refers to the place where the tax was laid rather than to the residence of the person upon whom it was laid and that the section should be construed as if it read "any tax duly imposed in the city and county of New York upon any person or corporation." It is natural that the remedy thus provided should be limited to the taxes imposed in the particular locality affected by the statute and the language used is appropriate to that object, but not to a limitation depending upon the residence of the person taxed, because nothing is said upon that subject. No word is used that suggests residence and we are not at liberty to insert one. The use of the general terms "any tax" and "any person" indicates an intention to include everyone taxable upon personal property in the city of New York under any statute.

Even if the Banking Act was not in force when the Consolidation Act was passed, previous legislation had provided, in language identical with that used in the Banking Act, for the assessment of stockholders in banks at the place where the bank is located, without reference to the residence of the person so taxed. (L. 1881, ch. 477, § 4.)

In enacting the Consolidation Act, therefore, the legislature is presumed to have had in mind the change it had lately made in the rule governing the assessment of personal property when it was in the form of bank stock. (Sedgwick Stat. & Con. Law 229–247.) There is nothing in section 863 indicating an intention to expressly exclude such assessments from the remedy therein provided, and we do not think that they should be excluded by implication, as there is no apparent reason for it. There is greater need of the remedy in the case of non-residents, because absence from the city makes the enforcement of the tax more difficult. We think that the language used confers a general right of action *in personam* to collect taxes imposed for personal property and that if the legislature had intended to except a single class

from the operation of the section, it would have done so in express terms. (*Powers* v. *Shepard,* 48 N. Y. 540; *Smith* v. *People,* 47 id. 330.)

It is contended, however, that such an action cannot be commenced unless a warrant for the collection of the tax has, in the language of section 859, been "issued and unsatisfied for a period of sixty days, or returned unsatisfied in whole or in part." That section simply requires the receiver to send certain cases to the attorney for the collection of arrears of personal taxes. It first provides for that class of assessments, which according to section 857 may be made the basis of a proceeding to punish for contempt, and then adds " all other cases of personal taxes," with an exception not now material, " when application to any court may be made for the collection of the tax." Whether an action may be regarded as an application, within the meaning of that section or not, it is unnecessary to decide, as section 860 charges said attorney "with the prosecution of all suits and proceedings * * *. for the collection of all cases of personal taxes," including not only those sent by the receiver, but also such as may be made the basis of an action by that officer to collect " any tax for personal property." There is no provision which makes the issue or return of a warrant a condition precedent to the commencement of an action. That condition is required only in case of a proceeding to punish for contempt. (§ 857.) It is also claimed that it is a condition precedent to the transmission of a case by the receiver to the attorney for prosecution and thus becomes a condition precedent to an action, but we find no satisfactory foundation for this position in the statute, because " all other cases of personal taxes " are to be sent in the same way, and authority is expressly conferred upon the attorney to prosecute any suit authorized by any law of the state for the collection of any tax for personal property. Moreover, the statute authorizes an action *in personam* to be commenced on the very day that the distress warrant may first be issued. On the fifteenth of January the receiver is authorized to issue

his warrant (§ 853) or commence an action. (§ 863.) The legislature could not have intended that the former should necessarily precede the latter, because it provided that the warrant should be returnable within thirty days after the date thereof. It could not well be issued and returned unsatisfied "in whole or in part," on the same day, as that would give no time for effective action under it and it is not reasonable to suppose that such was the intention. A much longer period for the execution of the warrant was clearly in contemplation, as sixty days is mentioned in section 859 as the time that it might be in the hands of the marshal.

The defendant invokes the principle that where a statute confers a right and prescribes adequate means of protecting it, the proprietor of the right is confined to the statutory remedy, and claims that it should be applied to this case. (*Dudley* v. *Mayhew*, 3 Com. 1, 15.)

We do not think, however, that the Banking Act created a new right within the meaning of the principle thus relied upon, because bank stock was assessable before that act was passed, sometimes on one basis and sometimes on another. (L. 1823, chap. 262, § 4; 1 R. S. 414; L. 1853, ch. 634, § 1; L. 1866, ch. 761, § 1; *People* v. *Dolan*, 36 N. Y. 59, 63.)

Neither that act nor its immediate predecessor made anything assessable which was not so before, but they changed the place where the assessment was to be made so as to promote convenience and certainty. They did not prescribe the method of assessment, but left that to existing statutes, except that due provision was made for the allowance of "all the deductions and exceptions allowed by law in assessing the value of other taxable personal property." (L. 1881, chap. 476, § 4; L. 1882, ch. 409, § 312.) They provided no system for collecting the tax by encouraging voluntary payments, or by any other means except by a proceeding *in rem* against the stock itself or by a warrant to be issued against non-residents by the collector or county treasurer. Even those remedies are not applicable to the city of New York, because it has neither county treasurer nor collector who could issue the warrant.

The action to foreclose the lien of the tax upon the stock is to be brought by "the county treasurer, receiver of taxes or other officer authorized to receive such tax from the collector." (Id. §§ 6, 314.) There is no "collector" in that city, as there is elsewhere in the state, and even if that word refers to the functions rather than to the title of the officer, still the "receiver of taxes" is the only collector in that sense, and he cannot receive the taxes from himself.

The Banking Act, standing by itself, is clearly inadequate to the assessment or collection of the taxes authorized thereby, because it does not direct how the assessment is to be made, nor how the tax is to be collected, except as mentioned above, which cannot be regarded as an adequate remedy. We think that the legislature intended to furnish an additional safeguard in assessing bank stock by directing that it should be assessed at the place where the bank is located, and additional but not exclusive remedies to aid in collecting the tax. This is clearly indicated by section 315. In all other respects the general statutes relating to the subject of taxation were relied upon to furnish the method of procedure both in assessing and collecting.

The judgment entered upon the decision of the General Term should be reversed and judgment directed on the verdict in favor of the plaintiff, but without costs, as the parties have so stipulated.

All concur, except Brown and Landon, JJ., dissenting.

Judgment accordingly.