use the name and the sign of the defendant after December, 1895, in the bottling business. Here was the positive testimony of four persons that the wagon did not belong to the defendant, and that the driver was not in its employ. Under these circumstances, the inquiry is whether there was anything to go to the jury. Where the weight of evidence is so decidedly preponderating in favor of one party that a verdict contrary to that preponderance would be set aside on motion, a trial judge should nonsuit or direct a verdict, as the case may require. Hemmens v. Nelson, 138 N. Y. 517, 34 N. E. 342; Linkhauf v. Lombard, 137 N. Y. 418, 33 N. E. 472; Lane v. Town of Hancock, 142 N. Y. 510, 37 N. E. 473; Dwight v. Insurance Co., 103 N. Y. 343, 8 N. E. 654. But it is claimed that the credibility of a witness or witnesses is involved, and, hence, that the case should have gone to the jury. I do not think so. The court should have directed a verdict for the defendant. Joseph Blank was a distinterested witness. The driver's testimony involved Katz in liability, and Katz's testimony showed that, if any one was liable for the negligence of the driver, he was. Mayer, the defendant's secretary, may be called an interested witness, but there was full corroboration of his testimony; and where there is such corroboration the case may be disposed of by the court without submitting the credibility of such witness to the jury, and the court should accept it as true. Anderson v. Boyer, 156 N. Y. 99, 50 N. E. 976.

The judgment should be affirmed, with costs. All concur.

---

(37 App. Div. 560.)

CITIZENS' SAV. BANK OF STAMFORD v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 24, 1899.)

1. TAXATION OF BANK STOCK—RECOVERY OF TAX PAID—FAILURE TO APPLY TO COMMISSIONERS FOR RELIEF.
    A nonresident bank, which holds stock in a bank within the state, cannot, in a collateral proceeding. recover back a tax levied on such stock, and paid by the latter bank, and charged to it on the ground that it had no taxable surplus, where it failed to apply to the tax commissioners for a deduction, unless it was evident that such application would be vain.

2. SAME—JURISDICTION OF COMMISSIONERS.
    The jurisdiction of tax commissioners to assess a tax on bank stock is not affected by the existence of outside facts bearing on the proper measure of deduction, which were never called to their attention.

3. SAME—NONRESIDENCE AS EXCUSE FOR FAILURE TO APPLY FOR DEDUCTION.
    Since a nonresident voluntarily submits to the jurisdiction of the state for purposes of taxation by purchasing property within the state, such nonresidence is no excuse for failure to apply to tax commissioners for deduction from an assessment.

Appeal from trial term, New York county.

Action by the Citizens' Savings Bank of Stamford against the mayor, aldermen, and commonalty of the city of New York to recover taxes paid. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Esek Cowen, for appellant.
George S. Coleman, for respondent.

BARRETT, J. The plaintiff, a Connecticut corporation, was, during the years 1886, 1887, 1888, and 1889, a stockholder in certain national banks located in this city. It was, in each of these years, assessed for taxation on its shares of stock in such banks. The tax was paid by the respective banks (it being a lien upon the shares by statute), and was charged to the plaintiff. No complaint was ever made to the assessors with regard to the assessments, no deduction sought from these officers, and no review of their action attempted. Three years after the payment of the tax last assessed, the plaintiff made a claim upon the comptroller for the return of the moneys paid, and four years after such last payment this action was brought. It proceeds upon the theory that the tax, if not void, was—to quote from the plaintiff's briefs—"voidable on showing the fact that, at the time of the assessment, the plaintiff had no taxable surplus, and therefore its bank stock could not be part of its surplus." A sufficient answer to the conclusion drawn from this proposition is that, whether the premise be correct or not, the plaintiff's stock in banks located here was prima facie taxable, and that it was incumbent upon it to secure the proper deduction for its debts; and, failing in that, to review the action of the assessors by certiorari. United States Trust Co. v. City of New York, 144 N. Y. 488, 39 N. E. 383. A stockholder can, if he chooses, waive his right to such deduction. He does so when he fails to ask for it, and pays his tax without a murmur. It is idle to say that the plaintiff's stock was absolutely exempt from taxation because its deposits and surplus exceeded the value of its shares, or because the purchase of the stock was necessarily an investment of its deposits. These positions could only be supported by proof furnished to the tax commissioners upon an application for a deduction in whole or in part. The stock was certainly taxable, and the commissioners had jurisdiction to assess the tax. Their jurisdiction under the statute was not affected by the existence of outside facts bearing on the proper measure of deduction, which facts were never called to their attention. The assessments were, therefore, entirely valid. They were imposed in strict accordance with section 312 of the banking act of 1882 (Laws 1882, c. 409). That act carefully observed the two restrictions upon the taxation of shares of national banks imposed by section 5219 of the Revised Statutes of the United States. As required by the federal statute, it provides: First, that the tax shall be laid where the bank is located; and, second, that the tax shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of the state. The plaintiff, however, contends that it may attack the assessments here collaterally. This contention is made upon the grounds: First. Treating the tax as voidable, that, although ordinarily a person taxed must appear before the assessors, and claim the deduction which would wipe out the assessment in whole or part, yet he is not bound to do so where he had a valid excuse for not so appearing. On this head two cases are cited in the supreme court of the United States:

Supervisors v. Stanley, 105 U. S. 305; Hills v. Bank, Id. 319.   These cases are, however, entirely distinguishable from the present.   They were decided under our former statute of 1866 (Laws 1866, c. 761), and the interpretation put upon it by the court of appeals in People v. Dolan, 36 N. Y. 59.   Under that interpretation the supreme court held, in substance, that the assessors were not permitted, by our laws, upon the demand of a stockholder of a national bank, to deduct the amount of his just debts from the assessed value of his stock.   For that reason, and because by the then existing laws of this state the owner of all other personal taxable property was permitted to deduct such debts from the value of his stock, the court further held that this act of 1866 was in that respect in conflict with the act of congress. It declared, however, that the act was not rendered wholly void by such conflict, nor was the assessment thereunder · of the shares of stock in national banks of no effect.   Judge Miller summed up his conclusions in these words:

"It follows that the assessors were not without authority to assess national bank shares; that, where no debts of the owners existed to be deducted, the assessment was valid, and the tax paid under it a valid tax; that in cases where there did exist such indebtedness, which ought to be deducted, the assessment was voidable, but not void.   The assessing officers acted within their authority in such cases until they were notified in some proper manner that the shareholder owed just debts which he was entitled to have deducted.   If they then proceeded in disregard of the act of congress, the assessment was erroneous."

So far the case cited is directly opposed to the plaintiff's main position.

Upon the particular point now presented, namely, as to the effect of a valid excuse for not appearing before the assessors, the supreme court said that:

Where "the assessors habitually and intentionally, by some rule prescribed by themselves, or by some one whom they were bound to obey, assessed the shares of the national banks higher in proportion to their actual value than other moneyed capital generally, then there is ground for a recovery."

Again, in the Hills Case, that court said:

"Without elaborating the matter, we are of opinion that, considering the decision of the court of appeals of New York, the action of the assessors in the case of Williams, and their own testimony in this case, it is entirely clear that all affidavits and demands for deduction which would or might have been made would have been disregarded and unavailing, and that the assessors had a fixed purpose, generally known to all persons interested, that no deductions for debts would be made in the valuation of bank shares for taxation."

What the court thus, in effect, held was that the stockholder was not precluded from a recovery merely because he had not originally gone through an idle and useless form.   And that is all that was held upon the question now under consideration.   The distinction between these cases and the present is obvious.   It cannot even be pretended that the assessors in the case at bar acted upon any such purpose as seems to have been evinced in the general action of such officers under the statute of 1866.   Under the act of 1882, supra, it has been repeatedly held by our courts that stockholders in national banks are entitled to deduct the amount of their just debts from the

assessed value of their shares; and the local assessors are constantly making such deductions. There is no "fixed purpose" to the contrary. There is, rather, a liberal purpose to afford proper facilities for making just deductions to all such shareholders, nonresident as well as resident. And, indeed, the books show that our courts have construed the statute laws of the state with regard to such deductions most favorably to nonresident corporations such as the present plaintiff. People v. Coleman, 135 N. Y. 231, 31 N. E. 1022; People v. Barker, 154 N. Y. 122, 47 N. E. 1103.

The plaintiff also contends that the fact of its nonresidence was a valid excuse for its inaction. The rule is invoked that the laws of another state must be proved here as facts, and it is claimed as a sequence that the plaintiff, as a nonresident, should not be charged with knowledge of our laws. This point is also untenable. It is not a question of knowledge or ignorance of our laws. It is purely a question of jurisdiction. The assessors had jurisdiction to tax the shares of residents and nonresidents alike. The plaintiff was not bound to purchase stock of a bank located within this state. But when it chose to do so it voluntarily submitted itself to the jurisdiction of the state for all the purposes of taxation on account of its ownership. Tappan v. Bank, 19 Wall. 490. As was said in the latter case:

"If the state has actual jurisdiction of the person of the owner, it operates directly upon him. If he is absent, and it has jurisdiction of his property, it operates upon him through his property."

Under such circumstances every rule, common-law or statutory, which is binding upon residents, is equally binding upon nonresidents. Were it otherwise, the state would be powerless adequately to enforce its own enactments with regard to the taxation of property within its limits.

No other points are presented which call for special consideration. The judgment was right, and should be affirmed, with costs. All concur.