## HANSON COUNTY v. GRAY.

Action will not lie for collection of taxes on personal property, it not being authorized by statute, and Comp. Laws, §§ 1609—1618, providing a remeby by distress and sale.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Hanson county. Hon. E. G. SMITH, Judge.

Action by Hanson county against I. J. Gray to recover a sum alleged to be due as taxes. Demurrer to complaint was sustained, and plaintiff appeals. Affirmed.

*P. A. Zollman,* for appellant.

*Gamble & Dillon,* for respondent.

HANEY, J. This appeal is from an order sustaining a demurrer to the complaint. It appears upon the face of the complaint that the plaintiff is one of the organized counties of this state; that in 1888 certain personal property, then owned by defendant and situate within the plaintiff county, where defendant then resided, was duly assessed, and certain taxes for territorial, county, and other purposes were duly levied thereon, which have not been paid; that, before the taxes so levied became due, defendant disposed of and removed from the territory all of the personal property thus assessed; that he has since then been a nonresident of the territory and state; that when said taxes became due and deliquent the treasurer of said county was unable to collect same by distress and sale of personal property, by reason of his inability to find any such property of, or belonging to, the defendant in said county; that,

when such taxes became due and delinquent, defendant owned no real property to which the lien of such taxes could attach.

Since prior to the levy of these taxes, the statutes of this state have provided for the collection of taxes on personal property by distress and sale, and have not at any time, so far as we are aware, authorized the collection of such taxes by action. Comp. Laws, §§ 1609–1618, inclusive. The special method thus provided is plain, speedy, and adequate. There may be decisions which announce a different doctrine, but the overwhelming weight of authority sustains the view that a tax is not a "debt," in the ordinary sense of that word; that, when the statute prescribes no special manner for its collection, it may be collected by an action at law, but, when an adequate method is provided by statute, an action for its collection cannot be maintained. Gatling v. Commissioners, 92 N. C. 536; Board of Com'rs. v. First Nat. Bank (Kan. Sup.) 30 Pac. 22; Water-Supply Co. v Bell (Colo. Sup.) 36 Pac. 1102; City of Camden v. Allen, 26 N. J. Law, 398; City of Detroit v. Jepp, 52 Mich. 458, 18 N. W. 217; Hibbard v. Clark, 56 N. H. 155; Richards v. Com'rs., 40 Neb. 45, 58 N. W. 594; Louisville Water Co. v. Com., 89 Ky. 244, 12 S. W. 300; State v. Piazza, 66 Miss. 426, 6 South. 316.

Appellant cites the following cases in support of its contention that the special statutory method is not exclusive: McLean v. Myers, 134 N. Y. 480, 32 N E. 63; People v. Seymour, 16 Cal. 332; City of Davenport v. Chicago, R. I. & P. R. Co. 38 Iowa, 633; City of Dubuque v. Illinois Cent. R. Co. 39 Iowa, 56; City of Burlington v. Burlington & M. R. R. Co. 41 Iowa, 134; and Dollar Sav. Bank v. U. S. 19 Wall. 227. McLean v. Myers does not sustain the contention, because the

New York statute under discussion in that case, as shown by the opinion, expressly provides that the tax "may be recovered with interest and costs, by the receiver of taxes of said city in an action in any court of record in this state," 134 N. Y. 484, 32 N. E. 63. People v. Seymour is not in point. In that case the court construed and considered the constitutionality of a statute expressly authorizing the collection of taxes by action. Undoubtedly, the legislature has power to authorize the collection of taxes by action, in addition to any special method, but it has not exercised such power in this state. In City of Davenport v. Chicago, R. I. & P. R. Co. the question was not properly before the court, and it expressly refrained from intimating any opinion thereon. Careful examination of the other Iowa cases cited show that only two of the four judges then constituting the court concurred in the view that a tax is a debt for which an action at law may be maintained, although the statute provides a special remedy. It will be observed that Judge Cole dissented, and Judge Miller held that the question was not properly before the court. Whatever may be found in Dollar Sav. Bank v. U. S. tending to support appellant's contention is simply dicta, because the subject is dismissed with these words: "But all this is superfluous, for the act of congress authorizes suits at law to recover unpaid taxes. It enacts as follows: 'Taxes may be sued for and recovered in the name of the United States, in any proper form of action before any circuit or district court of the United States, for the district in which the liability for such taxes may have been, or may be, incurred, or where the party from whom such tax is due may reside at the time of the commencement of said action.'" 19 Wall. 240. Numerous other cases cited in digests and by text

writers, as holding that an action will lie to recover taxes without express statutory authority, notwithstanding an adequate special method of collection has been provided, have been examined, but not one has been found where the question is directly decided in favor of that view. The conclusion relative to the collection of taxes by an action at law, herein announced, was reached by a majority of this court in Brule Co. v. King, 11 S. D. 294, 77 N. W. 107. But as one of the judges, without stating any reasons, dissented in that case, it was deemed not improper to again consider the question, which has been done with care and the assistance of able counsel. It should be added that the judge who dissented in Brule Co. v King did so on the ground that the question now decided was not involved therein, and without forming any opinion in relation thereto. The order of the court below is affirmed.