(57 App. Div. 601.)

CITY OF NEW YORK v. McLEAN.

(Supreme Court, Appellate Division, First Department. February 8, 1901.)

1. TAXATION—ENFORCEMENT—NONRESIDENT'S PERSONAL LIABILITY.
   Though the state has power to impose a tax on a nonresident's personal property situated within its boundaries, and to enforce the tax against the property, it has not power to subject him to a personal liability for the tax.

2. SAME—BANK STOCK.
   The Tax Law, §§ 72, 258, subjecting the owners of shares of national bank stock located in the state to a personal liability for the taxes imposed thereon by local authorities, does not apply to nonresident owners of such stock.

   Van Brunt, P. J., and O'Brien, J., dissenting.

Appeal from trial term, New York county.

Action by the city of New York against Andrew McLean. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Edwin B. Smith, for appellant.

Henry M. Powell, for respondent.

RUMSEY, J. The facts in this case are not in dispute. The defendant, in January, 1896, and always since that time, was and is a citizen and resident of the state of New Jersey, and is not a resident or citizen of the state of New York, nor did he ever, so far as appears, live within its boundaries. In January, 1896, however, he was the owner of shares of stock in the Standard National Bank, located and doing business in the First ward of the city of New York, and he was assessed in respect of those shares to a very considerable amount by the tax commissioners of this city. A tax of something over $292 was levied upon that assessment against these shares of stock. For some reason the bank did not pay the assessment, and it remained unpaid on the 15th of January, 1897, and afterwards; and on the 10th day of January, 1899, this action was brought by the city of New York against McLean to recover the amount of that tax. It was claimed that the action was brought under the authority of section 936 of the Greater New York charter. Upon the trial the above facts were conceded, and the court, after consideration, held that the defendant was personally liable for the tax, and directed a judgment against him for the amount of it, which judgment was entered, and from that judgment this appeal is taken.

There is no doubt that under the authority given to the state by section 5219 of the Revised Statutes of the United States, and in pursuance of the duty put upon the assessors by the tax law of this state (Laws 1896, c. 908, § 13; Gen. Laws, c. 24, § 13; Heydecker's Gen. Laws, p. 1859), the bank shares were properly assessed against the defendant in the First ward of the city of New York. Nor can it be denied that, as a result of that assessment, the tax levied upon those shares became a valid lien upon them, and might properly be collected either by a foreclosure of the lien (Tax Law, § 72) or by distress and sale in accordance with the provisions of section 926 of the Greater New York charter. The validity of the tax, therefore, cannot be disputed. But the question presented is whether the state, having authority to levy a tax upon this property, has also the power to impose a personal liability upon a nonresident holder of the property who is not within the boundaries of the state, or subject to its jurisdiction as citizen or resident, to the extent that a valid tax levied upon his property may be collected by a personal action against him. Ordinarily, one can be assessed for personal property owned by him only at the place of his residence (In re State Tax on Foreign-Held Bonds, 15 Wall. 300, 21 L. Ed. 179), and, in the absence of any special statute changing the rule, it is to be assumed that all personal property owned by him is located at that place, and he is subject to taxation upon it there only. But undoubtedly the legislature of any state is at liberty to refuse to recognize this fiction of law as to the situs of personal property, and to say that any personal property which is within the state, and which has the benefit of the protection of its laws, whether tangible or intangible, shall be subject to assessment for the taxes levied by the state. People v. Feitner, 54 App. Div. 217, 66 N. Y. Supp. 769. In this particular case the right is given by congress to the state legislature thus to assess this particular property where it is located, but it does not follow that because it has that power it also has the power to bring within the jurisdiction of our courts for the purpose of enforcing a tax levied upon that property the person of a nonresident, so as to make him personally liable for the amount of the tax. The ordinary rule in this state is that the assessors have no jurisdiction over the person of any one who does not live within the district in which their jurisdiction extends. People v. Supervisors of Chenango Co., 11 N. Y. 563; Mygatt v. Washburn, 15 N. Y. 316; Hilton v. Fonda, 86 N. Y. 340; Cooley, Tax'n (2d Ed.) p. 159. So far as residents of the state are concerned, there can be no doubt that the legislature not only has the power to tax the personal property of such residents where it is actually situated, without regard to the domicile of the owner, but it also has the power to subject such residents to a personal liability with respect to that tax as well as any other tax; and that is the extent of the holding in the case of McLean v. Myers, 134 N. Y. 480, 32 N. E. 63. But, admitting all those powers to be in the legislature, the question still remains here whether that body has the power over a nonresident to make him personally liable for a tax assessed against his personal property within this state. It has been said that a tax against personal property in this state creates a debt which may be collected

by a personal action against the owner. In re Babcock, 52 Hun, 142, 4 N. Y. Supp. 903, affirmed in 115 N. Y. 450, 22 N. E. 263. In that case the assessment rolls of the city of New York containing an assessment against Detmold, the testator, had been delivered to the board of aldermen before his death. A tax was levied upon that assessment. The surrogate's court held that such taxes were payable out of the income, and not out of the principal, of the estate; and the question presented to the court upon the appeal was whether the tax thus levied was a debt against the estate in such a way that the executors were bound to pay it out of the estate, and not charge it against the persons who were entitled to the income. The court held that, as the assessment rolls had been delivered before the death of the testator, the tax subsequently levied upon that assessment was practically one assessed upon the property of the deceased previous to his death. That being so, undoubtedly the executors were bound to pay that tax as one of the debts of the testator (Code Civ. Proc. § 2719), and as, by the statute, there was given to the receiver of taxes in the city of New York the right to bring an action to recover the tax, there was no distinction in that regard between the claim for taxes and a debt which could be recovered by a personal action. But while, to that extent, a tax levied in the city of New York against the property of a resident of the state may be a debt against him for purposes of collection, yet it is undoubtedly true that a tax differs essentially from a debt. A tax is an impost levied by authority of government upon its citizens or subjects for the support of the state. It is not founded upon contract or agreement. It operates in invitum. Whereas a debt is a sum of money due by certain and express agreement. It originates in and is founded upon contract, express or implied. City of Camden v. Allen, 26 N. J. Law, 398; Lane Co. v. Oregon, 7 Wall. 71, 19 L. Ed. 101; Cooley, Tax'n (2d. Ed) p. 15; 25 Am. & Eng. Enc. Law (1st Ed.) p. 12. Unless a personal action is given to recover a tax, there is no personal liability for it, and it does not in any way resemble a debt. Outside the city of New York there is in this state no provision for the collection of taxes by action except in the single case of a corporation tax levied by the state comptroller. Tax Law, § 200. If there is a personal liability, it may be said that there is no particular distinction in that respect between a debt and a tax which may be recovered by an action against the person taxed. But the essential difference still exists, and that is that a tax does not become a liability by virtue of any contract, but it exists only by virtue of the express provisions of law operating in invitum; and therefore, whether it be regarded as a debt or not, the question still remains whether the state which undertakes to establish that liability, whatever may be its nature, has the power to create a personal debt against one who is not within the boundaries of the state or subject to its jurisdiction.

So far as the cases in this state are concerned, we are not aided by authority in disposing of this controversy. No case is reported, so far as I can discover, in which the question has been presented or decided. The case of Citizens' Sav. Bank of Stamford v. City of New York, 37 App. Div. 560, 56 N. Y. Supp. 295, which is relied upon by the learned justice below in support of his decision, does not in-

volve this question in any way. In that case a foreign corporation owning stocks of national banks located in the city of New York was assessed for those shares, and the assessment had been paid, and the question was whether, the assessment having been paid, it might be recovered back because as a matter of fact the corporation owed debts which should have been deducted. The court held that it was the duty of a foreign corporation owning property in this state which claims a deduction to appear before the assessors precisely as a resident is required to do; and, if it fails to do so, it was not at liberty to say that the tax which the assessors had the right to levy against the stock located in this state was erroneous because it was for too great an amount. No other question was decided, and it affords no authority for any determination of the question here, because there was no attempt to hold the foreign corporation personally liable for the tax.

In the case of McLean v. Myers, 134 N. Y. 480, 32 N. E. 63, already referred to, a tax had been levied on the shares of the National Broadway Bank, located in the city of New York, owned by McLean, who was a resident of the county of Westchester. As that tax was not paid, Myers was sued by the authority of the same section under which this action was brought, which is now section 936 of the Greater New York charter, but which was then section 863 of the consolidation act. Myers claimed that he was not personally liable for this tax, because he was not a resident of the city of New York; but the court held that the authority to bring an action to recover a tax imposed upon a person or corporation by the city of New York did not refer to the place of residence of the person or corporation, but referred to the place where the tax was imposed, and that Myers, although not a resident of the city of New York, was personally liable for the taxes under the provisions of that chapter. But that determination does not dispose of this question, because Myers was a resident of the state of New York, and subject to the laws of the state; and there is no reason why the state should not subject any of its citizens to a personal liability with respect to any tax levied within its territory. No one will claim that any law of this state can have any extraterritorial force, or affect in any way the status of a nonresident, or impose any personal liability upon him. So that, when this tax was assessed in the year 1896, it certainly put no personal duty upon the defendant to pay it. It was only effectual then as a lien upon the property taxed. This, it seems to me, cannot be disputed. If it had that effect, and no more, when the tax was levied, at what time, and under what circumstances, did any greater liability arise? There was no change in the status of the defendant, and no change whatever in his relation to the laws of the state of New York. He never became subject to the laws of that state. Those laws, therefore, did not impose any personal duty upon him. It is difficult to see what condition arose after the levy of this tax which changed in any degree the personal relation of the defendant towards the state of New York, or imposed upon him any duty which did not exist at the very minute at which the tax was levied. It is quite true that a section of the Greater New York char-

ter containing a provision of the consolidation act gave a right of action to collect a tax of a person against whom it was levied, but that section did not operate to establish any liability, but only to provide a means for enforcing a liability which was established elsewhere. That provision, therefore, which gave a remedy by action, did not create the liability upon which the action was brought.

The general rule in respect of the power of the state to establish a personal liability against a nonresident is found in the case of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565. In that case an action had been begun against Neff in the state of Oregon, and service made upon him only by attaching certain of his property in that state, and he was not personally served with process. Judgment was entered in personam against him, and upon that judgment an execution was issued, and property of Neff, which had not been attached, was sold. Pennoyer became the purchaser, and Neff subsequently brought an action to recover the property, which Pennoyer defended, claiming that he was the owner by virtue of the execution. The question presented, therefore, was whether the courts of Oregon had authority to subject a citizen of another state to a personal liability within that state because of the ownership of property which had been attached in a suit against him in the courts of Oregon. The supreme court of the United States laid down the rule that a state having within its territory property of a nonresident may hold and appropriate it to satisfy the claims of her citizens against that person, but that, while it had authority to adjudicate as to the property, and to make valid judgment in that regard, it had no authority over the person of the nonresident, and could not establish any personal liability against him. In reaching this conclusion the court applied the well-settled principle that no state can extend the jurisdiction of its laws over persons not within its territory, and not subject to its allegiance, and that an attempt to do so is utterly without force. Story, Confl. Laws, §§ 539, 540, et seq.; Pennoyer v. Neff, 95 U. S. 722, 24 L. Ed. 565. In that particular case the rule was applied to an effort of the court to obtain jurisdiction in personam of a nonresident, but the principle established is not limited to the particular instance. It applies in all cases where it is attempted to extend the law of the state so as to operate upon one who is not within it.

This principle was applied by the supreme court of the United States in the case of Dewey v. City of Des Moines, 173 U. S. 193, 19 Sup. Ct. 379, 43 L. Ed. 665, where the precise question presented here was determined by that court. In that case Dewey was a resident of the state of Illinois, but was the owner of certain lots of land in the city of Des Moines, in the state of Iowa. An assessment for local purposes was levied upon those lots under a statute of Iowa which not only made the assessment a lien on the land, but made the owner of the land personally liable for any deficiency that might arise upon the sale of the land. Proceedings were had to sell the property, and thereupon Dewey brought an action in the state of Iowa, setting out his nonresidence, and the fact of the assessment, and asked for a judgment setting aside the proceedings which had

been taken to sell the land, restraining the sale, and decreeing that no personal liability existed against him with respect to that tax. In the courts of Iowa he was defeated, and a personal judgment was rendered against him for any deficiency that might remain after the lots had been sold. He sued out a writ of error in the supreme court of the United States. It was held there that, so far as the validity of the assessment against the property to be sold was concerned, the determination of the courts of Iowa was conclusive, and could not be reviewed by the supreme court of the United States, but that the question of the personal liability of Dewey to pay the tax which was sought to be imposed upon him by the state of Iowa, and which had been asserted by the supreme court of that state, was reviewable in the supreme court of the United States; and it was held that, as the lot owner had never voluntarily appeared in the proceedings leading up to the assessment, and had not consented to or acknowledged the jurisdiction of the state over him, the assessment did not impose any personal liability upon him, although the laws of the state of Iowa adjudged that they did; that the jurisdiction to tax exists only in regard to persons and property or upon the business done within the state, and that such jurisdiction cannot be enlarged by reason of a statute which assumes to make a nonresident personally liable to pay a tax of the nature of the one in question, and that the power to tax was limited to persons, property, or business done within the state, and it could not reach the person of a nonresident. Applying that principle, the court held that so much of the judgment of the court of Iowa as established a personal liability against Dewey was erroneous, and was reversed. I do not see why that case is not absolutely conclusive of the case at bar.

It is said, however, that the supreme court of the United States has held in the subsequent case of Bristol v. Washington Co., 177 U. S. 133, 20 Sup. Ct. 585, 44 L. Ed. 701, that a nonresident of a state, assessed with respect of personal property in that state, is personally liable for the tax. In that case one Jefferson had been in the habit for many years of investing in mortgages upon property in Minnesota. Upon his death, Mrs. Bristol succeeded to his interest in these debts. Taxes were levied against them during Mrs. Bristol's lifetime. They were not paid. After her death, her executor, having proved the will of his testatrix in this state, applied to the proper county in the state of Minnesota for the issuance of letters testamentary to him, which was done. Thereupon a claim was made by the county of Washington, in that state, against the estate of Mrs. Bristol in the hands of her executor in that state, with respect of the property which was then in the hands of the executor there. The court held that that claim was valid, and that, as the state had the right to levy a tax against the property of Mrs. Bristol which was therein situated, that assessment became a valid claim against the property, and for all purposes of administration was a debt which might be collected out of that property by a proper proceeding in that state. But it is to be noticed that the question there was not as to the personal liability of Mrs. Bristol, but as to the lia-

bility of her property which was situated in that state, and which, by the express provisions of the statute of that state, was liable to the tax. Although Judge Fuller does say that the tax was a claim against the estate, he does not say that it was a claim against Mrs. Bristol personally; nor is there anything in the case which could be construed as making any such holding.

The true rule to be deduced, in my judgment, from all the cases, is that, although a state has the power to levy a tax upon personal property of a nonresident situated within its boundaries, and subject to its jurisdiction, and for that purpose may separate the situs of the owner from the actual situs of the property within the state, and subject it to taxation because it is within the state, yet it can only enforce payment of that tax by virtue of its jurisdiction over the property, and it has not, by virtue of that jurisdiction, any power to subject the owner of it to a personal liability for the tax. I do not think that a fair construction of the tax laws of this state shows that there is any intention to enforce any such liability against a nonresident owner of bank shares located in this state. Those shares are assessable under the provisions of section 13 of the tax law. The same statute (section 72) requires that the bank shall pay the amount of the tax out of any dividends in its hands, and shall retain such dividends until the delivery to the collector of the tax roll and warrant for the current year, and shall, within 10 days of such delivery, pay out of the dividends so much as may be necessary to pay the taxes assessed against the stock. It then provides that, if the owner of the stock resides in a place other than where the bank is located, the same power may be exercised in collecting the tax as is given in a case where a person has removed from a tax district. It also provides that the tax shall be a lien on the stock until the tax is paid. By section 258 of the tax law it is provided that, if a person against whom a personal tax has been assessed has removed from the county where the assessment was made, the tax may be collected in a proceeding in the county court of the county to which he has removed. But that can apply only to a resident who is subject to the jurisdiction of the courts. By the Greater New York charter it is provided that a tax may be collected by distress and sale of the property situated within the state of New York, and this gives ample authority for a distress against bank shares and their sale. It is quite true that section 72 provides that, in addition to the remedy thereinbefore provided, the same remedy may be had for the collection of a tax on bank shares as is now provided by law for enforcing payment of personal taxes against residents. That portion of the section evidently refers to sections 258 and 259 of the tax law, and, so far as the state at large is concerned, does not attempt to authorize a personal action. If it may be said to have that effect in the city of New York, the question still recurs whether it is in the power of the legislature so to do. Upon the whole case, it seems to me that the necessary effect of the provisions of law which are applicable requires a determination that the defendant is not personally liable for this tax, and that for that reason the judgment should

be reversed, and a new trial granted. with costs to the appellant to abide the event.

McLAUGHLIN and HATCH, JJ., concur.

VAN BRUNT, P. J.   The right to tax would not be of much value if there were no power to collect.   The tax bears the same relation to a nonresident as to a resident; and, as a tax is a debt due from a resident, and is collectible by suit, it would seem to follow that a tax against a nonresident would be collectible in the same manner when the court can get jurisdiction of the nonresident by service of process.   In opposition to this view it has been urged that the tax is collectible, because it is made by statute a lien upon the personal property taxed.   But it is difficult to see how such a lien could be enforced against bank shares, or the shares of any corporation, the owner of which is a nonresident, and holds the certificates for the shares which he owns; which certificates are, in their nature, semi-negotiable securities, and to which a purchaser without notice gets a perfect title by delivery of the same with a proper power of transfer.   McNeil v. Bank, 46 N. Y. 325; Knox v. American Co., 148 N. Y. 441–454, 42 N. E. 988, 31 L. R. A. 779.

O'BRIEN, J., concurs.