(26 App. Div. 542.)

PEOPLE ex rel. CITIZENS' ELECTRIC ILLUMINATING CO. OF BROOKLYN v. NEFF et al.

(Supreme Court, Appellate Division, Second Department. March 29, 1898.)

1. CORPORATIONS—TAXATION.
  In the assessment of corporations, they are entitled to no general deduction of 10 per cent. of their capital stocks, but that percentage is only to be deducted from the surplus profits or reserve fund when such surplus is returned for taxation. "Tax Law," § 31.

2. SAME—SURPLUS.
  If an alleged surplus has proceeded from savings or accumulations from the business of a corporation, it is its duty to affirmatively establish the fact, and it is not entitled to a deduction if, for all that appears, the whole surplus may have arisen from the enhancement of the value of its franchise which is exempt from taxation.

3. SAME—OBJECTIONS TO ASSESSMENT.
  The objection that a corporation was assessed in the wrong ward, unless taken before the board of assessors, should be disregarded by the special term, upon certiorari.

Appeal from special term.

Certiorari by the people, on the relation of the Citizens' Electric Illuminating Company of Brooklyn, against Barzillai G. Neff and others, board of assessors of the city of Brooklyn. From the judgment, relator appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Frank Harvey Field, for appellant.

Almet F. Jenks, for respondents.

CULLEN, J. The return of the relator to the assessors showed that it had physical, tangible assets amounting to $381,217.31; that the value of its franchise was $750,000, and its indebtedness $183,-178.91; and that the assessed valuation of its real estate was $146,-701. If we deduct from the amount of the tangible assets the amount of the relator's indebtedness, and the assessed value of its realty, the balance is $51,337.40, to which sum the assessment was reduced by the court at special term.

The first contention of the relator is that the special term should have reduced the assessment on its capital stock by the further sum of $50,000, being 10 per cent. of the amount of that stock. I think it too clear for substantial controversy that in the assessment of corporations they are entitled to no general deduction of 10 per cent. of their capital stocks, but that percentage is only to be deducted from the surplus profits or reserve fund when such surplus is returned for taxation. If any doubt on this question could arise under

section 12 of the tax law (which I deny), it is entirely removed by section 31. That section provides that in the first column there shall be entered in the assessment rolls, under the name of the corporation, "the amount of its capital stock paid in and secured to be paid in; the amount paid by it for real property then owned by it wherever situated; the amount of all surplus profits or reserve funds exceeding ten per centum of their capital, after deducting therefrom," etc. The proper entry in this column is therefore the excess of the amount of the surplus profits above 10 per cent. of the capital, if such excess there is; if there is no such excess, then the entry should simply be "None." Where the surplus profits exceed 10 per cent., no practical harm results from stating this sum in the ordinary manner; that is, add the items of capital stock and surplus profits, and from such amount deduct the real estate and 10 per cent. of the capital. But this method is misleading, and, when the surplus profits are less than 10 per cent., erroneous. It is this method of computation which has led to the error to be found in the opinion in the case of People v. Barker, 146 N. Y. 304, at page 315, 40 N. E. 996; for in that computation the deduction of 10 per cent. of capital is greater than the amount of the surplus with which the company is charged. I use the term "error" with the greatest respect to the court of appeals, for I do not understand the question before us to have been considered or passed upon by that court. It is easy to see how the error occurred. The assessors made the computation in one manner; the court of appeals followed in the same way.

The relator further contends that the statement of its financial condition, returned to the board of assessors, shows that it has a surplus exceeding $50,000, and therefore it is entitled to a deduction for that amount. In that return the relator further stated that it had no surplus profits or reserve fund. Assuming that it is not concluded by that declaration, we are still of opinion that it is not entitled to the deduction. With a capital stock of $500,000, it has, apart from its franchise, assets amounting to only about $200,000. Not only, therefore, the question of surplus profits, but even that of impairment of capital, depends on the value to be given to the franchise. Assume the relator's estimate of its value is correct, the whole of the surplus is represented by the franchise, which is already exempt from taxation. It may be that, so far from any profit having accumulated from the conduct of its business, the whole surplus has arisen from the enhancement of the value of that franchise. If it proceeded from savings or accumulations from the business, it was the duty of the relator to have affirmatively established that fact. The objection that the relator was assessed in the wrong ward was not taken before the board of assessors. The special term was right in disregarding it.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.