(40 Misc. Rep. 446.)

### CITY OF ROCHESTER v. GLEICHAUF.

(Supreme Court, Trial Term, Monroe County. April, 1903.)

1. TAXES—COLLECTION BY SUIT.
     The city of Rochester being given by its charter a method for the assessment, levy, and collection of city taxes, that remedy is an exclusive one; and, in the absence of any authority therefor, it cannot maintain an action at law to recover delinquent taxes.

---

¶ 1. See Municipal Corporations, vol. 36, Cent. Dig. § 2108.

Action by the city of Rochester against John Gleichauf to recover city taxes. Complaint dismissed.

William A. Sutherland, for plaintiff.

Isaac Adler, for defendant.

DAVY, J. This action is brought against the defendant to collect taxes levied by the city of Rochester in the years 1899, 1900, and 1901, amounting in the aggregate to $133.18. It was conceded on the argument that the proceedings to collect the taxes were regular, except that the oaths of the assessors were defective and that the seal of the city was omitted from the warrants issued to the city treasurer in the years 1899 and 1901, and no personal demand for the payment of the taxes was ever made by the plaintiff or its agents. It is also conceded that the defect in the oaths of the assessors is not material, but that the omission to affix the seal of the city to the warrants is fatal to any proceedings under the charter to collect the tax. Matter of City of Rochester v. Bloss, 77 App. Div. 28, 79 N. Y. Supp. 236, affirmed by the Court of Appeals in 173 N. Y. 646, 66 N. E. 1105.

The principal question raised in this case is whether the city of Rochester is limited to the mode prescribed by its charter for the collection of taxes, or may it maintain a common-law action to recover the same?

The plaintiff contends that when the tax roll was delivered to the city treasurer it became a debt, and the law fastened upon the defendant a legal promise to pay it, and that promise can be enforced in an action at law. The decision of the court in the case of Torrey v. Willard, 55 Hun, 78, 8 N. Y. Supp. 392, relied upon by the learned counsel for the plaintiff in support of his contention, is contrary to the well-settled rule, which holds that when the statute provides a remedy for the collection of taxes, which does not embrace an action at law, a common-law action for the recovery of the tax as a debt will not lie. The levying of taxes is a matter solely of statutory creation, and no means can be resorted to in order to coerce their payment, other than those pointed out in the statute. A case might arise where a tax was imposed, and no method provided by statute for its recovery, and a resort to legal proceedings would be a matter of necessity. But such a condition could only arise where the Legislature had failed entirely to provide any mode for the collection of the tax. Under the charter, no power is delegated to the city of Rochester to maintain an action for taxes. It has the right by summary proceedings to enforce collection by levy and sale. Section 81 of the city charter (Laws 1880, p. 41, c. 14) authorizes the common council to raise annually such sums as shall be estimated and reported by the finance committee as necessary, "in the manner hereinafter provided." Section 82 describes how the moneys directed by the common council to be raised as taxes shall be assessed upon the real and personal estate in said city. Sections 83, 85, 86, and 87 relate to the preparation of the assessment roll, and require its delivery to the city treasurer, with warrants annexed. Sections 88 and 89 make it the duty of the city treasurer to collect and receive the

taxes, with certain interest prescribed. Section 91 directs the city treasurer to issue warrants to the collectors to collect unpaid taxes by distress and sale of goods and chattels. Section 94 authorizes the sale of real estate charged with unpaid taxes or assessments due and unpaid. And finally section 82 provides for a supplementary proceeding for the collection of any tax for which a warrant has been returned uncollected. It appears from the above sections that the charter of the city of Rochester contains a complete system for the assessment, levy, and collection of taxes. That remedy, under the well-settled rule of law, is an exclusive one, and the particular method of procedure therein provided must be pursued, and no other.

In Dudley v. Mayhew, 3 N. Y. 9, 15, the court said:

"It is very clear that, when a party is confined to a statutory remedy, he must take it as it is conferred, and that, where the enforcing tribunal is specified the designation forms a part of the remedy, and all others are excluded."

Again, in Hollister v. Hollister Bank, *41 N. Y. 245, it is declared:

"Where a statute confers a right, and also in the same statute prescribes an adequate means of protecting or enforcing it, the right is confined to the statutory remedy."

This rule is also clearly recognized in the case of People ex rel. Feeny v. Board of Canvassers, 156 N. Y. 59, 50 N. E. 425.

Cooley, in his excellent work on Taxation (2d Ed., p. 16), says:

"Taxes are not debts, in the ordinary sense of the term, and their collection will, in general, depend on the remedies given by statute for their enforcement."

The rule is elementary that a debt is a sum of money due, and is founded upon contract, express or implied, while a tax has been regarded and treated as an impost levied by authority of the government upon its citizens for the support of the state. It is not founded on contract or agreement. It operates in invitum, and, unless the power is expressly given by statute, no action can be maintained for taxes. City of New York v. McLean, 57 App. Div. 604, 68 N. Y. Supp. 606. The case last cited was affirmed by the Court of Appeals. 170 N. Y. 387, 63 N. E. 384. Judge Martin, in speaking for the court, says:

"Taxes, unlike debts, are not contractual, but are enforced contributions levied by the authority of the state for the support of its government and other public needs."

City of Camden v. Allen, 26 N. J. Law, 398; City of Augusta v. North, 57 Me. 392, 2 Am. Rep. 55; Hibbard v. Clark, 56 N. H. 155, 22 Am. Rep. 442.

If the municipality were permitted at its pleasure to disregard the method prescribed by statute for the collection of taxes, and put the taxpayer to the annoyance and costs of legal proceedings, it would certainly do him great injustice. If the assessment is a debt, then the municipal authorities may disregard the statutory remedies, and bring an action against every taxpayer the moment his taxes become due and payable. If this remedy may be resorted to in one case, I can see no good reason why it may not in every

case. The temptation to bring common-law actions, instead of pursuing the remedy prescribed by the statute, would be very great, especially where the amount assessed was sufficiently large to carry costs in the higher courts. This course would be oppressive to the taxpayer and contrary to sound policy. It would certainly be a more expensive mode of collecting the taxes than that provided for by the charter. The failure of the plaintiff to pursue the remedy in the manner provided by the charter for the collection of defendant's taxes furnishes no ground for bringing or maintaining this action. The complaint, therefore, must be dismissed, with costs to the defendant.

Complaint dismissed, with costs to defendant.