THE PEOPLE OF THE STATE OF NEW YORK ex rel. FEDERAL TERRA COTTA COMPANY, Respondent, *v.* LAWSON PURDY and Others, as Commissioners of Taxes and Assessments of the City of New York, Appellants.

First Department, October 24, 1919.

**Tax — corporations — determination of tax on corporate stock — deductions and exemptions.**

In determining the tax to be laid upon the capital stock of a corporation under section 12 of the Tax Law the commissioners should first determine whether there is a taxable surplus by first eliminating all property exempt from taxation, and second, having arrived at the amount of taxable property, should then make the deductions for the assessed value of the corporate real estate and also for the shares of stock in other corporations which are taxable upon their capital stock under the laws of this State, thus ascertaining the net amount taxable under section 12.

*Held,* that applying the rule aforesaid the relator's assessment by the commissioners was proper and should be confirmed.

APPEAL by the defendants, Lawson Purdy and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county

132   People ex rel. Federal Terra Cotta Co. *v.* Purdy.

First Department, October, 1919.          [Vol. 189.

of New York on the 21st day of November, 1918, canceling the assessment against the relator herein, and also from a so-called enrollment entered in said clerk's office on the 25th day of November, 1918.

*William H. King* of counsel [*Jesse F. Orton* with him on the brief; *William P. Burr, Corporation Counsel*], for the appellants.

*William O. Gantz* of counsel [*Madison Grant*, attorney], for the respondent.

Philbin, J.:

The commissioners appeal from an order in certiorari proceedings canceling an assessment of $132,000 for taxes upon the personal property of the relator for the year 1916. They determined the above amount upon disallowing a claimed exemption of $133,449.65 on account of surplus. The relator contended that it was entitled to such deduction under section 12 of the Tax Law, as there was a surplus shown which exceeded ten per centum of its capital. The section reads as follows:

" § 12. Taxation of corporate stock. The capital stock of every company liable to taxation, except such part of it as shall have been excepted in the assessment-roll or shall be exempt by law, together with its surplus profits or reserve funds exceeding ten per centum of its capital, after deducting the assessed value of its real estate, and all shares of stock in other corporations actually owned by such company which are taxable upon their capital stock under the laws of this State, shall be assessed at its actual value."

The point presented is whether, in determining the " surplus profits or reserve funds," the assets of the corporation which are not taxable in this State shall be included. I think this question should be answered in the negative.

As I read section 12 in the light of the decisions (*People ex rel. Union Trust Co.* v. *Coleman*, 126 N. Y. 433; *People ex rel. Twenty-third St. R. R. Co.* v. *Comrs. of Taxes*, 95 id. 554), it appears that the intention of the Legislature was to provide that the net assets, not exempt, of every company, including surplus exceeding ten per cent of the par value of its capital, should be assessed at the actual value. After so providing, there are two deductions specified in the section, namely,

People ex rel. Federal Terra Cotta Co. *v.* Purdy.   133

App. Div.]            First Department, October, 1919.

the assessed value of its real estate and also all shares of stock in other corporations actually owned by the company which are taxable upon their capital stock under the laws of this State. The distinction between exemptions and deductions is not to be overlooked. Property is exempt because the State cannot or does not tax it; deductions are allowed, in this case, to avoid double taxation. In determining whether there is a surplus within the meaning of the statute, which refers to a taxable surplus, all property exempt from taxation must first be eliminated. In that way we arrive at the amount of taxable property. The next step is to make the two deductions above mentioned in section 12. Doing so, we ascertain the net amount taxable under the section. As an authority for this view we have the decision by the Appellate Division of the Second Department in the case of *People ex rel. Citizens' Illuminating Co.* v. *Neff* (26 App. Div. 542).

The following is a statement of the assets and liabilities of the relator:

*Assets.*

| | |
|---|---:|
| Cash on hand | $35,505 44 |
| Debts due from solvent debtors | 126,338 35 |
| Real estate | 193,326 94 |
| Shares in other corporations | 393,000 00 |
| Machinery outside of State | 101,675 55 |
| Goods outside the State | 62,549 85 |
| Patents, good will and franchise | 693,500 00 |
| Total | $1,605,896 13 |

*Liabilities.*

| | |
|---|---:|
| Accounts payable | 29,709 51 |
| Net assets | $1,576,186 62 |

Applying the rule above set forth, we first subtract from the net assets the exempt items — machinery, goods and patents — a total of $857,725.40, leaving a balance of $718,461.22 taxable assets. As this is less than the par value of the capital stock, there is no taxable surplus and no allowance can be made on account thereof. Next we

deduct real estate and shares in other corporations — a total of $586,326.94 — leaving a net balance taxable under section 12 of $132,134.28. That was the result arrived at by the commissioners and they were, therefore, justified in assessing at $132,000.

The foregoing renders it unnecessary to pass upon the other points raised by the appellants.

It follows that the order canceling the assessment should be reversed, the writ of certiorari dismissed and the assessment by the commissioners confirmed, with costs to the appellants.

Clarke, P. J., Dowling, Page and Merrell, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, writ dismissed and assessment confirmed, with costs.