THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW MUTUAL GASLIGHT COMPANY, Relator, *v.* CANTOR and Others, Respondents.

Supreme Court, New York County, January 13, 1922.

**Taxation — certiorari to review assessment by city of New York against capital stock and personal property of gaslight company — deductions allowed under Tax Law, §§ 6, 12 — accrued taxes not " debts " under Tax Law, § 6 — deduction of percentage of surplus, under Tax Law, § 12, should be made before deduction for value of realty.**

In this certiorari proceeding to review an assessment by the city of New York, made under the Greater New York charter and section 12 of the Tax Law, against the capital stock and personal property of the relator, a gaslight company, an amount owed as manufacturing and distributing costs was properly allowed as a deduction. But there is insufficient evidence to substantiate a deduction for capital charges and miscellaneous accounts payable.

A claim for accrued taxes was properly disallowed by the commissioners of taxes and assessments, since, under section 6 of the Tax Law, accrued taxes may not be deducted. The word " debts " as used in the Tax Law assumes the existence of a debtor and creditor, and this relation did not exist between the relator and the city.

Consumers' meter deposits and mutual aid society dues are not deductible debts and were properly disregarded.

Loans made to the relator were properly included under liabilities to be deducted from taxable assets.

The deduction, under section 12 of the Tax Law, of so much of the surplus of the relator as did not exceed ten per cent of its capital stock should have been made before the value of the real estate was deducted from the total assets.

APPLICATION to review a tax assessment against relator's capital stock and personal property.

———— ———— for the relator.

———— ———— for the respondents.

DAVIS, J. This is an application by certiorari to review an assessment of $670,400 for the year 1921 against the capital stock and personal property of the relator, made under the provisions of the Greater New York Charter (Laws of 1901, chap. 466) and section 12 of the Tax Law by the defendants, as commissioners of taxes and assessments of the city of New York. The tentative assessment was $1,000,000, but on application to the commissioners the assessment finally was fixed by them at $670,400. The relator contends that the final assessment is erroneous, by reason of overvaluation to the extent of $670,400, and illegal. The verified statement presented to the commissioners by the relator stated the assets of the corporation and their valuation as follows:

" 1. Value of real estate, including special franchises (as assessed): (a) Located in the State of New York, $8,994,884. * * * (3) Vessels, apparatus, horses and other animals, wagons, automobiles, trucks, and other vehicles, $10,950.72. (4) All other tangible personal property, $659,465.37. Total assets, $9,665,300.09. The deductions claimed are as follows: (1) Assessed value of the corporation's real estate located in the State, including special franchises, $8,994,884. * * * (4) Indebtedness, not incurred or contracted for the purpose of evading taxation and not representing an indirect or contingent liability as surety, guarantor, indorser, or otherwise, $1,118,664.26. (b) Indebtedness evidenced by notes, of which the corporation is maker, not indorser, $300,000. (State when notes were given and for what purpose.) April 27, 1920 (loan), corporate purposes, $200,000. August 16, 1920 (loan), corporate purposes, $100,000. (c) Indebtedness, consisting of open accounts. (For what purpose incurred.) Corporate purposes, $818,664.26. Additional deductions claim so much of the surplus as does not exceed 10 per cent of the capital stock, $350,000. Total deductions, $10,463,548.26. Recapitulation: Total assets, $9,665,300.09; total of deductions, $10,463,548.26. Excess of deductions, $798,248.17."

In making the final assessment of $670,400, the commissioners

224 People ex rel. New Mutual Gaslight Co. *v.* Cantor.

Supreme Court, January, 1922.                    [Vol. 129

disallowed the two amounts in item 4 of the relator's statement, viz., $1,118,664.26 and $350,000. The only evidence presented to the commissioners as to the indebtedness set forth in item 4, in addition to the original statement, is a letter (Exhibit 2) which purports to analyze and set forth the details of $1,118,664.26, the deductions claimed under item 4. Exhibit 2 is in part as follows:

" Deduction item 4, $1,118,664.26; sundry creditors' accounts payable, $245,729.07; department of water supply, gas and electricity, $924.97; Employees' Mutual Aid Society, dues, $80.49; accrued taxes, $441,293.16; consumers' meter deposits, $130,636.57; bills payable, notes, Second National Bank, $300,000 — $1,118,664.26."

At the hearing before the court the relator was allowed without objection to present evidence in detail explanatory of the deductions of $1,118,664.26 claimed in Exhibit 2. This latter amount is made up in part of $245,729.07 of accounts payable. The relator showed quite satisfactorily that $174,160.45 of this amount was owed for manufacturing and distributing costs and should be allowed as a deduction. The claim to a deduction for capital charges, $11,200.51, and for miscellaneous accounts payable, $60,368.11, is not supported by satisfactory evidence and is, therefore, disallowed.

The relator also includes in the $1,118,664.26 claimed as a deduction accrued taxes amounting to $441,293.16. Accrued taxes are not a debt that may be deducted under section 6 of the Tax Law (as amd. by Laws of 1914, chap. 277), and were properly disallowed by the commissioners. (*Village of Charlotte* v. *Keon*, 207 N. Y. 346; *Gautier* v. *Ditmar*, 204 id. 20; *City of New York* v. *McLean*, 57 App. Div. 601, 603; affd., 170 N. Y. 374, 387; *Latimer* v. *Veader*, 20 App. Div. 418, 425; *City of Rochester* v. *Gleichauf*, 40 Misc. 446; *Peter* v. *Parkinson*, 83 Ohio St. 36; 93 N. E. 197.) In a certain sense these accrued taxes are an indebtedness of the relator, but not in the sense in which the word " debts " is used in the Tax Law. If relator were allowed to exclude them from the assessed value of its property, the amount of the deduction would escape taxation altogether, because the city to whom the debt was owing would not have to pay the tax. It does not stand in the relation of creditor to the relator.

The word " debts," as used in the Tax Law, assumes the existence of a debtor and a creditor. The creditor is taxed for the debt owing him as accounts receivable. The debtor, therefore, is entitled to deduct from the assets the debt, in order to arrive at his net taxable assets; otherwise, there would be a double taxation of the same property. The debt reduces the value of the taxable property of the debtor to the extent of the amount of the debt. The debt is in reality property of the creditor, and increases the

value of his taxable property to the extent of the debt.  The items, consumers' meter deposits, mutual aid society dues, and the department of water supply, gas, etc., are not deductible debts and were properly disallowed by the commissioners.

The item of $300,000 for loans made to relator are properly included among liabilities to be deducted from the taxable assets. The amount ($350,000) claimed as a deduction for so much of the surplus as does not exceed ten per cent of the capital stock was improperly disallowed by the commissioners as an exemption under section 12 of the Tax Law.  Both the relator and defendant cite the cases of *People ex rel. Federal Terra Cotta Co.* v. *Purdy* (189 App. Div. 131; affd., 229 N. Y. 519) and each relies upon that case as authority.  The defendant contends that under that case the ten per cent deduction as an exemption should be made after the value of the real estate is deducted from the total assets, and the relator claims that the deduction, as an exemption, should be made before the value of the real estate is deducted from the total assets.  In my opinion the *Terra Cotta* case sustains the contention of the relator, that the surplus of taxable property is arrived at by deducting the liabilities before deducting the value of the real estate from the total of taxable property.

Adopting the rule of the *Terra Cotta* case, we reach the following result: The capital stock of the corporation was $3,500,000.  The assets of the corporation may be stated as follows: Real estate, $8,994,884; apparatus, etc., $10,950.72; all other tangible property, $659,465.37.  Total, $9,665,300.09.  Inasmuch as this total exceeds the amount of the capital stock, the relator is allowed to deduct an amount equal to ten per cent of the capital stock.  (Tax Law, § 12.)  After making this deduction, it may deduct the liabilities indicated above, and, after making these deductions, it will deduct the value of the real estate, with the following result: Total property as above, $9,665,300.09; deduct ten per cent exemption, $350,000. Total assets, $9,315,300.09.  Deduct liabilities as allowed in this proceeding, as follows: $174,160, accounts payable; and $300,000 loan notes, $474,160.  Total taxable assets, $8,841,140.09.  Deduct assessed value of real property, as allowed by section 12 of the Tax Law, $8,994,884.  This result shows that there remains no taxable personal property.

The prayer of the petitioner is, therefore, granted, to the extent indicated in this opinion.

Settle order on notice.